UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cr-00146-SRC-1 |
| ) | |
| GARY SCOTT HANCOCK, ) | |
| ) | |
| Defendant. ) | |

**Memorandum and Order**

Gary Scott Hancock seeks compassionate release. Docs. 116, 118. But because he failed to exhaust his administrative remedies—and the United States raised his failure to his exhaust— the Court denies his motion without prejudice.

**I.    Background**

In February 2019, a criminal complaint charged Hancock with knowingly and intentionally distributing fentanyl resulting in death in violation of 21 U.S.C. § 841(a)(1). Doc. 1. A federal grand jury later indicted him for the same offense. Docs. 15–16. Ten months later, Hancock entered into a guilty-plea agreement with the United States. Doc. 71. Pursuant to the agreement, in exchange for Hancock's voluntary plea of guilty, the United States agreed to: (1) move for dismissal as to Hancock in 4:18-cr-00332-RLW at the time of sentencing, and (2) bring no further federal prosecution relative to Hancock's possession or distribution of a controlled substance on or about October 13, 2018, as to the death of T.G. Doc. 71 at 1–2 (The Court cites to page numbers as assigned by CM/ECF.). In April 2021, United States District Judge Ronnie L. White, now retired, sentenced Hancock to 240 months' imprisonment and three years' supervised release. Doc. 112 at 2–3. Hancock did not appeal

his conviction or sentence, and he is currently serving his sentence at FCI Manchester in Kentucky with a projected release date of April 20, 2036.[1]

In July 2025, Hancock filed a motion for compassionate release, doc. 116, which the Federal Public Defender declined to supplement, doc. 117. A month later, Hancock filed an amended motion for compassionate release, which is the operative motion. Doc. 118. The United States filed a response in opposition to Hancock's motion, doc. 120, but Hancock did not file a reply. Thus, Hancock's motion is ripe for the Court's review.

**II.   Standard**

The compassionate-release statute provides:

(c)   Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

>   (1)   in any case—
>
>   > (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>   >
>   > > (i)   extraordinary and compelling reasons warrant such a reduction;
>   > >
>   > > . . .

---

[1] *Find an inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 5, 2025).

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

After sentencing, district courts have very limited authority to modify the sentence. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except [under certain listed exceptions]."); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." (alterations in original) (quoting 18 U.S.C. § 3582(b))); Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). The Court may grant compassionate release if the Court finds, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

**III. Discussion**

The United States argues that the Court should deny Hancock's motion for several reasons. *See* doc. 120. But the Court need only analyze the failure-to-exhaust argument. *Id.* at 1.

"According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted their administrative remedies." *United States v. Houck*, 2 F.4th 1082, 1083 (8th Cir. 2021) (citation omitted). "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all

3

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *Id.* at 1083–84 (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). "This requirement is a mandatory claim-processing rule." *Id.* at 1084 (citations omitted). But "[u]nlike jurisdictional rules, mandatory claim-processing rules may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Manrique v. United States*, 581 U.S. 116, 121 (2017) (quoting *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam)). So, courts enforce this claim-processing rule when the opposing party properly raises failure to exhaust as a defense. *Houck*, 2 F.4th at 1084; *Manrique*, 581 U.S. at 121.

Here, no evidence suggests that Hancock exhausted his administrative remedies, and the United States has raised Hancock's failure to exhaust. Doc. 120 at 1. Therefore, the Court "dismiss[es] [the] unexhausted compassionate-release motion[] without prejudice." *Houck*, 2 F.4th at 1084.

## IV.    Conclusion

For the reasons set forth above, the Court denies without prejudice Hancock's [118] Amended Motion for Compassionate Release and denies as moot Hancock's [116] Motion for Compassionate Release.

So ordered this 5th day of December 2025.

_____<br>
STEPHEN R. CLARK<br>
CHIEF UNITED STATES DISTRICT JUDGE